UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS LONGLEY,<br><br>             Plaintiff,<br><br>     v.<br><br>HPC INDUSTRIAL SERVICES, LLC,<br><br>             Defendant. | Case No.  1:24-cv-00860-KES-CDB<br><br>ORDER CONSOLIDATING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a)<br><br>ORDER SETTING SCHEDULING CONFERENCE ON<br>FEBRUARY 25, 2025, AT 9:30 AM<br><br>(Doc. 14) |
| DEREK MOSS,<br><br>             Plaintiff,<br><br>     v.<br><br>HPC INDUSTRIAL SERVICES, LLC, *et al.*,<br><br>             Defendants. | Case No. 1:24-cv-01479-KES-CDB<br><br>ORDER CONSOLIDATING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a)<br><br>ORDER SETTING SCHEDULING CONFERENCE ON<br>FEBRUARY 25, 2025, AT 9:30 AM |

**Relevant Background**

On June 17, 2024, Plaintiff Travis Longley filed a class action complaint in the Superior Court of California, County of Kern, case number BCV-24-102044, that was removed to this Court on July 25, 2024.  Case No. 1:24-cv-00860-KES-CDB ("*Longley*") (Doc. 1).  On March 18,

1

1  2024, Plaintiff Derek Moss filed a class action complaint in the Superior Court of California,
2  County of Los Angeles, case number 24-STCV06730, that was removed to this Court on May 6,
3  2024.   Case No. 1:24-cv-01479-KES-CDB ("*Moss*") (Doc. 1).   Following Defendant HPC
4  Industrial Services, LLC's ("HPC") filing of the notice of related cases in these two actions
5  (*Longley* Doc. 10; *Moss* Doc. 24), District Judge Kirk E. Sherriff assigned the actions to himself
6  and the undersigned.  (*Longley* Doc. 11; *Moss* Doc. 25).

7        On February 14, 2025, in response to the Court's order directing the *Longley* and *Moss*
8  parties to confer and file a joint report regarding case management (*Longley* Doc. 13; *Moss* Doc.
9  24), the parties filed the joint status report.  (*Longley* Doc. 14).  Therein, the *Longley* and *Moss*
10 parties represent that they are not necessarily opposed to consolidation but deem it to be
11 unnecessary at this juncture.  (*Id.* at 6).

12 **<u>Discussion</u>**

13       When multiple actions pending before a court involve common questions of law or fact,
14 the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate
15 the actions; and/or issue any other orders to avoid unnecessary cost or delay.  Fed. R. Civ. P.
16 42(a).  The court has "broad discretion" to determine whether and to what extent consolidation is
17 appropriate and may undertake consolidation *sua sponte*.  *See Garity v. APWU Nat'l Labor Org.*,
18 828 F.3d 848, 855-56 (9th Cir. 2016) (citing *Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent.*
19 *Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)); *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487
20 (9th Cir. 1987) (court may consolidate actions *sua sponte*).  "Typically, consolidation is a favored
21 procedure."  *Blount v. Boston Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL
22 3943872, *2 (E.D. Cal. Aug. 21, 2019) (citing *In re Oreck Corp. Halo Vacuum & Air Purifiers*
23 *Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012)).  In deciding whether to
24 consolidate actions, the court "weighs the saving of time and effort consolidation would produce
25 against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743
26 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052,
27 1057 (S.D. Cal. 2007).

28       Here, based on the Court's review of the pleadings in both actions, the Court finds there

are significant and substantial common issues of fact and law that warrant consolidation under Rule 42(a) and Local Rule 123.

In the *Longley* parties' joint scheduling report filed on January 22, 2025, the parties state as follows: "Given the significant overlap of claims and defenses in both the *Moss* action and the instant case, there will likely be significant overlap of discovery and trial proceedings which may result in consolidation of the two cases." (*Longley* Doc. 12 at 2).

Both actions assert substantially similar facts, arising out of Defendant HPC's failure to pay all straight and overtime wages, failure to provide lawful meal and rest periods, failure to provide accurate itemized wage statements, failure to reimburse employees for business expenses and illegal deductions, failure to adopt a compliant sick/paid time off policy, and other claims in violation of the rights of Plaintiffs and a putative class of hourly, non-exempt employees. *See* (*Longley* Doc. 1); (*Moss* Doc. 1).  Both actions seek certification of a putative class. *See* (*Longley* Doc. 12); (*Moss* Doc. 18).

In addition to a common defendant in HPC Industrial Services, LLC, it appears to the Court that these two putative wage-and-hour actions share common questions of fact and law, with both actions asserting similar causes of action, all of which arise out of the California Labor Code and California's Unfair Competition Law ("UCL"). (*Longley* Doc. 10 at 2).  The relief requested in both complaints is substantially similar.  (*Longley* Doc. 1); (*Moss* Doc. 1). Currently, both actions are in a similar procedural posture, with the initial scheduling conference pending in each.  Counsel for Defendants is identical in both actions.  Presently, the parties in both actions have proposed discovery and briefing schedules for the anticipated motion for class certification. (*Longley* Doc. 14).

Absent consolidation, the Court would anticipate addressing substantially similar issues in each case involving discovery, motion practice, and pre-trial proceedings, as well as in trial itself. It follows that consolidation would likely expedite the litigation, rather than cause any delay.  The questions presented do not evidence a high likelihood of confusion and the parties involved are relatively few.  The Court cannot discern any resulting prejudice to any of the parties due to consolidation and, further, consolidation will avoid the risk of inconsistent verdicts in related

cases.

Finally, the benefit of consolidation would reduce the burden on judicial resources, the parties, and any potential witnesses, eliminate the risk of inconsistent adjudications, avoid prejudice, and allow for the orderly and expeditious resolution of all cases. If, at some point in the future, the actions change in a manner sufficient to where the parties believe they will be prejudiced, they may file a motion for severance.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The following actions are CONSOLIDATED under Rule 42(a) for all purposes:
    a. The lead case, *Travis Longley v. HPC Industrial Services, LLC.*, Case No. 1:24-cv-00860-KES-CDB;
    b. *Derek Moss, et al. v. HPC Industrial Services, LLC, et al.*, Case No. 1:24-cv-01479-KES-CDB.
2. All further filings in this consolidated action shall be made in lead case *Travis Longley v. HPC Industrial Services, LLC.*, Case No. 1:24-cv-00860-KES-CDB.
3. The Clerk of the Court is directed to close member case *Derek Moss, et al. v. HPC Industrial Services, LLC, et al.*, Case No. 1:24-cv-01479-KES-CDB.
4. The parties shall appear via Zoom videoconference for a scheduling conference in this consolidated action on February 25, 2025, at 9:30 AM.

IT IS SO ORDERED.

Dated:   **February 10, 2025**                                    _____
                                                                                       UNITED STATES MAGISTRATE JUDGE