1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   TRAVIS LONGLEY, *et al*.,              Case No.  1:24-cv-00860-KES-CDB

12                    Plaintiffs,           ORDER RE REQUEST FOR RESOLUTION
                                            OF DISCOVERY DISPUTE
13        v.
                                            (Doc. 23)
14   HPC INDUSTRIAL SERVICES, LLC, *et*
     *al.*,
15
                     Defendants.
16

17        Currently before the Court is a discovery dispute that Plaintiffs Travis Longley and Derek

18   Moss ("Plaintiffs") and Defendants HPC Industrial Services, LLC, and Clean Harbors, Inc.

19   ("Defendants") have agreed to submit to the Court for adjudication through the Court's informal

20   discovery dispute procedure.  (Doc. 23).

21        **Relevant Background**

22        On March 18, 2024, Plaintiff Derek Moss filed a class action complaint in the Superior

23   Court of California, County of Los Angeles, case number 24-STCV06730, that was removed to

24   this Court on May 6, 2024.  Case No. 1:24-cv-01479-KES-CDB ("*Moss*") (Doc. 1).  On June 17,

25   2024, Plaintiff Travis Longley filed a class action complaint in the Superior Court of California,

26   County of Kern, case number BCV-24-102044, that was removed to this Court on July 25, 2024.

27   Case No. 1:24-cv-00860-KES-CDB ("*Longley*") (Doc. 1).  Following Defendant HPC Industrial

28   Services, LLC's ("HPC") filing of notices of related cases in the two actions (*Longley* Doc. 10);

1

1   (*Moss* Doc. 24), the cases were consolidated before District Judge Kirk E. Sherriff and the

2   undersigned.  (Doc. 15).  In consolidating the actions, the Court noted that both complaints allege

3   substantially similar facts arising out of Defendant HPC's failure to pay all straight and overtime

4   wages, failure to provide lawful meal and rest periods, failure to provide accurate itemized wage

5   statements, failure to reimburse employees for business expenses and illegal deductions, failure to

6   adopt a compliant sick/paid time off policy, and other claims in violation of the rights of Plaintiffs

7   and a putative class of hourly, non-exempt employees.  *See* (*Longley* Doc. 1); (*Moss* Doc. 1).

8       The Court entered the operative scheduling order on February 25, 2025.  (Doc. 17).

9   Pursuant to the scheduling order, all non-expert discovery related to Plaintiffs' anticipated motion

10  for class certification is to be completed no later than January 15, 2026, and all discovery

11  pertaining to experts is be completed by March 12, 2026.  *Id.* at 2.  Plaintiff's anticipated motion

12  for class certification is to be filed no later than March 23, 2026.  *Id.* at 3.

13      On September 26, 2025, following meet and confer efforts between the parties, counsel

14  for Plaintiffs requested to convene for an informal discovery dispute conference to resolve

15  disputes concerning certain of Defendants' responses to Plaintiffs' interrogatories and requests for

16  production of documents.  (Doc. 22).  The parties thereafter filed a joint letter brief addressing the

17  discovery disputes.  (Doc. 23).  The Court convened via Zoom for an informal discovery dispute

18  videoconference on October 1, 2025.  (Doc. 24).  Plaintiff Moss appeared through attorney James

19  De Sario; Defendants appeared through attorney Alexander Chemers and Austin Freeman.

20  Although counsel for Plaintiff Longley (attorney Matthew Crawford) signed the parties' joint

21  letter brief, he did not appear at the conference and Mr. De Sario represented he was authorized to

22  appear on Plaintiff Longley's behalf.  Because counsel for Defendants did not oppose Mr. De

23  Sario's appearance on behalf of both Plaintiffs, the Court proceeded with the conference.

24      **<u>Governing Legal Standards</u>**

25      Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain

26  discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

27  proportional to the needs of the case, considering the importance of the issues at stake in the

28  action, the amount in controversy, the parties' relative access to relevant information, the parties'

2

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

Relevant here, a party responding to an interrogatory is obligated to respond to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). "A party answering interrogatories has an affirmative duty to furnish any and all information available to the party." *Franklin v. Smalls*, No. 09cv1067 MMA(RBB), 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012) (quoting 7 James Wm. Moore et al., Moore's Federal Practice § 33.102[1], at 33–72 (3rd ed. 2012)). "Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made." *Ramirez v. Kitt*, No. 1:17-cv-00947-BAM (PC), 2024 WL 247243, at *2 (E.D. Cal. Jan. 23, 2024) (citation omitted).

Additionally, in response to a party's request for production of documents ("RPDs"), the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quoting Fed. R. Civ. P. 34(a)).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Id.* (quotation and citations omitted).

### Discussion

On February 20, 2025, Plaintiffs served on Defendants their first set of interrogatories and RPDs. (Doc. 23, Exhibits 1 & 3). Defendants served their responses to Plaintiffs' interrogatories

on May 7, 2025.  *Id.* (Exhibit 2).  Although the parties represent in their joint letter brief that, at some point, Defendants also responded to Plaintiffs' RPDs, they did not include Defendants' responses as part of their joint letter brief and, accordingly, the Court does know when those were served and does not have the benefit of the contents of the responses.

According to the parties, Plaintiffs notified Defendants on June 19, 2025, of their position that numerous of Defendants' responses to Plaintiffs' interrogatories and RPDs were deficient. (Doc. 23 at 3).  The parties engaged in a meet-and-confer videoconference on July 9, 2025.  *Id.* During that conference, Defendants agreed to provide supplemental discovery responses to remedy the identified deficiencies.  According to Plaintiffs – now approximately three months after the parties' meet and confer videoconference – Defendants have not served supplemental responses.

At issue are three categories of information Plaintiffs seek through their interrogatories and RPDs: (1) employee contact information; (2) employee time/wage records; (3) other information relevant to class certification (*i.e.*, meal period waivers, employee complaints, staffing agency agreements, premium wage documentation, Defendants' wage/hour policies).

**1. Employee Contact Information**

The parties do not dispute that Defendants are required to produce the employee contact information Plaintiffs have requested through their discovery demands.  *See* (Doc. 23 at 8).  When questioned by the undersigned during the discovery dispute conference why the information had not been provided, counsel for Defendants represented that he had received the relevant information from client representatives on August 29, 2025 (*see* Doc. 23 at 3) – more than three months after Defendants served their response to the relevant interrogatory.  Counsel also represented that the contact information was not immediately produced to Plaintiffs (and has yet to be produced) to permit counsel to cross-reference the information against payroll data to ensure the contact information was accurate.  Counsel further represented that he had intended to also cross-reference the information against timekeeping data, but that because of certain "inconsistencies with Defendant's systems" (Doc. 23 at 8), he had been unable to obtain the timekeeping data, causing further delay.

4

In light of counsel for Defendants' representation during the discovery dispute conference that he is an experienced class action lawyer, the undersigned presumes that he has known since Defendants removed the action more than one year ago that employee contact information would need to be produced early in discovery.  While the Court acknowledges counsel for Defendants' laudable aspiration to ensure the employee contact information was subject to a quality control process prior to production, Defendants proffer no reasonable explanation for the tremendous delay at issue in producing this information.

**2.  Employee Time/Wage Records**

Like employee contact information, Defendants do not challenge Plaintiffs' entitlement to employee time and wage records.  As noted above, however, counsel for Defendants represented to the Court that he has been unable to retrieve timekeeping data due to unidentified "inconsistencies" with Defendants' "systems" – presumably, internal data or other IT platforms that maintain the requested information.

Although the undersigned inquired of counsel for Defendants during the discovery dispute conference for details concerning the proffered obstacles to timely producing the requested employee time and wage records, it remains unclear how or why such foundational information necessary to litigating a wage and hour class action still has not been produced by Defendants to Plaintiffs.

**3.  Supplemental Discovery Responses**

The parties represent in their joint letter brief that Defendants have agreed to produce supplemental responses to Plaintiffs' interrogatories and RPDs.  At the discovery dispute conference, counsel for Defendants maintained that he intends to serve supplemental discovery responses as set forth in the parties' joint letter brief subject to previously invoked objections (*see* Doc. 23 at 5-7).  Yet, almost three months after the parties' meet-and-confer videoconference during which Defendants reportedly agreed to provide supplemental discovery responses, no such supplementation has occurred.

*        *        *        *        *

As recounted above, this case was scheduled on February 25, 2025.  Notwithstanding that

5

1    nonexpert discovery in relation to Plaintiffs' anticipated motion for class certification closes on

2    January 15, 2026, Defendants have failed to produce the basic, foundational discovery necessary

3    for litigating a wage and hour class action.  The Court has insufficient information before it to

4    conclude that Defendants' delay in making discovery available is excusable.  Accordingly, the

5    Court will direct counsel and a knowledgeable defense witness to file a declaration elaborating on

6    what "inconsistencies" with Defendants' "systems" have caused a delay in Defendants'

7    production of employee contact information and time/wage records.

8          The Court also will direct Defendants to serve complete, supplemental responses to

9    Plaintiffs' interrogatories and RPDs (along with responsive documents) consistent with the

10    parties' agreements set forth in their joint letter brief (*see* Doc. 23 at 5-7).  Because the vast

11    majority of Defendants' responses to Plaintiff's RPDs do not state whether any responsive

12    materials are being withheld on the basis of any of the asserted objections, the Court will direct

13    Defendants to serve amended responses in compliance with Rule 34(b)(2)(C) in which any

14    response asserting any objection expressly states whether any responsive materials are being

15    withheld on the basis of that objection.

16          Relatedly, the parties note in their joint letter brief that Defendants have objected to

17    numerous of Plaintiffs' RPDs on the grounds of an unspecified privilege (presumably, attorney-

18    client or work product).  *See* (Doc. 23 at 55-6).  Rule 26 requires a party that withholds from

19    production on grounds of privilege any otherwise discoverable material to expressly make the

20    privilege claim and provide the requesting party certain information sufficient to permit it to

21    assess the claim.  Fed. R. Civ. P. 26(b)(5)(A). One method by which a party may satisfy Rule

22    26(b)(5) is to serve a privilege log.  *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71

23    (9th Cir. 1992).  The Advisory Committee Note to what is now Rule 26(b)(5)(A) does not specify

24    the specific information that must be provided in a privilege log.  Advisory Committee Note to

25    Fed. R. Civ. P. 26(b)(5) (1993) ("The rule does not attempt to define for each case what

26    information must be provided when a party asserts a claim of privilege or work product

27    protection.").  Nevertheless, in order to permit a receiving party (and the Court) to assess a

28    producing party's privilege claim, a log typically must identify, among other things, the

6

document's general nature and description, the name and position of its author, and specific

reasons why it was withheld (*e.g*., the applicable privilege).  *Martinez v. City of Fresno*, No. CV

F 06-0233 OWW LJO, 2006 WL 3762050, at *6 (E.D. Cal. Dec. 20, 2006) (citing *United States*

*v. Construction Prods. Research, Inc*., 73 F.3d 464, 473 (2nd Cir.), cert. denied, 519 U.S. 927

(1996)). Accord "What Constitutes an 'Adequate Privilege Log' under Rule 26(b)(5)," 51 A.L.R.

Fed. 3d Art. 2 (2020) (citing Haydock and Herr, Discovery Practice (Aspen Publishers 2009) &

*Sky Angel U.S., LLC v. Discovery Comms., LLC*, 28 F. Supp. 3d 465 (D. Md. 2014), aff'd on

other grounds, 885 F.3d 271 (4th Cir. 2018)).  Absent agreement among the parties, "[p]rivilege

logs are due at the time a discovery response is made."  *Sanchez v. Cnty. of Sacramento Sheriff's*

*Dep't*., No. 2:19-cv-01545 MCE AC, 2020 WL 3542328, at *2 (E.D. Cal. June 20, 2020) (citing

Fed. R. Civ. P. 26(b)(5) & 34(b)).

Accordingly, in Defendants' amended RPD responses ordered herein, to the extent

Defendants reassert objections based on attorney-client and work product privileges, they shall

provide Plaintiff with the information called for under the authorities cited above

Defendants are admonished that in serving amended discovery responses and responsive

documents, any failure to comply either with the letter or spirit of the rulings set forth herein may

result in the imposition of sanctions, including, among others, financial and evidentiary sanctions

as provided for under Rule 37.  Upon any perceived violation of the terms of this order as

summarized below, following Plaintiffs' initiation and undertaking of reasonable meet and confer

efforts with Defendants to remedy and such violation, the Court relieves Plaintiffs of the duty to

seek an informal discovery dispute conference with the Court and authorizes Plaintiffs to file a

motion to compel pursuant to Fed. R. Civ. P. 37 to request the relief identified in the parties' joint

letter brief (Doc. 23).  In support of any such motion to compel for which expenses or sanctions

are sought, Plaintiffs may include relevant declarations and billing records.  *See* Fed. R. Civ. P.

37(a), (b)(2) & (d).

### **Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants SHALL SERVE AND PRODUCE no later than October 6, 2025, consistent

7

with the rulings herein, an amended response to Plaintiffs' Interrogatory No. 1 with contact information for all putative class members.

2. Defendants SHALL FILE no later than October 8, 2025, consistent with the rulings herein, one or more declarations elaborating on what "inconsistencies" with Defendants' "systems" have caused a delay in Defendants' production of employee contact information and time/wage records (*see* Doc. 23 at 8).

3. Defendants SHALL SERVE AND PRODUCE no later than October 15, 2025, consistent with the rulings herein: (1) amended responses to Plaintiffs' interrogatories and RPDs, including as applicable (a) a statement for each RPD response whether any responsive documents are withheld and the basis for the withholding, and (b) a privilege log, and (2) documents responsive to Plaintiffs' RPDs

IT IS SO ORDERED.

Dated:    **October 2, 2025**

UNITED STATES MAGISTRATE JUDGE