UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS LONGLEY, *et al.*, | Case No. 1:24-cv-00860-KES-CDB |
| Plaintiffs, | ORDER GRANTING PARTIES' STIPULATED REQUEST TO AMEND CLASS CERTIFICATION BRIEFING SCHEDULE AND CONTINUE ALL CASE MANAGEMENT DATES |
| v. | |
| HPC INDUSTRIAL SERVICES, LLC, *et al.*, | |
| Defendants. | (Docs. 17, 28, 30) |
| | ORDER DIRECTING PARTIES TO FILE JOINT DISCOVERY MANAGEMENT REPORT |
| | **14-DAY DEADLINE** |

**Relevant Background**

On March 18, 2024, Plaintiff Derek Moss filed a class action complaint in state court that was removed to this Court on May 6, 2024. Case No. 1:24-cv-01479-KES-CDB ("*Moss*") (Doc. 1). On June 17, 2024, Plaintiff Travis Longley filed a class action complaint in the state court that was removed to this Court on July 25, 2024. Case No. 1:24-cv-00860-KES-CDB ("*Longley*") (Doc. 1). Following the filing by Defendant HPC Industrial Services, LLC's ("HPC") of notices of related cases in the two actions (*Longley* Doc. 10); (*Moss* Doc. 24), the cases were consolidated before District Judge Kirk E. Sherriff and the undersigned. (Doc. 15).

On February 25, 2025, the Court entered the operative class certification scheduling order

1

setting forth class certification discovery and motion dates and deadlines. (Doc. 17).  On November 13, 2025, the Court vacated the mid-discovery status conference and amended the scheduling order to extend all case management dates.  (Doc. 28).  The parties were advised that "[g]iven the significant extensions of time granted herein, it is unlikely the Court will grant any further extensions absent extraordinary circumstances[.]"  *Id.*

**Parties' Stipulated Request to Continue Case Management Dates**

Pending before the Court is the parties' stipulated request to further amend the class certification scheduling order and continue all case management dates, filed on April 1, 2026. (Doc. 30).  The parties represent that since the first continuance of deadlines was granted, they have diligently engaged in discovery and the parties are meeting and conferring over discrepancies in the voluminous data production of Defendant.  *Id.* at 4.  The parties represent that Plaintiffs have requested personnel files to be produced for 31 putative class members and, on February 20, 2026, propounded further written discovery, including interrogatories, requests for admission and for production of documents, and a Rule 30(b)(6) deposition notice.  *Id.*  The parties represent they have a mediation set for September 22, 2026, and seek to fully explore the possibility of settlement at that mediation before expending additional resources in preparing for class certification.  *Id.*  The parties therefore seek the Court further amend the class certification scheduling order as set forth in their stipulated request.  *Id.* at 5.

Based on the parties' stipulated representations, the Court finds good cause exists to further amend case management dates and deadlines of the class certification scheduling order.

However, approximately six months ago, the undersigned, in resolving various discovery disputes brought to the Court's attention by the parties, entered an order observing that Defendants proffered no reasonable explanation for their tremendous delay in producing various categories of information routinely exchanged early in class actions. (Doc. 25 at 4-6).  Notwithstanding that non-expert discovery closes in approximately two weeks, based on the parties' representations, it appears there is more than a de minimis amount of non-expert discovery remaining to be undertaken.  Because the status of discovery is unclear from the parties' representations, the Court will require the parties to meet/confer and file a joint discovery management report regarding the

status of ongoing discovery and documenting diligent discovery management efforts, as set forth in detail below.  Given the delays already noted in the parties' conduct of discovery, the Court also will require all notices of depositions be served prior to the scheduled mediation.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request to continue class certification discovery and motion dates and deadlines (Doc. 30) is GRANTED and that the class certification scheduling order (Docs. 17, 28) is further amended as follows:

| Event | Current Deadline | Amended Deadline |
| --- | --- | --- |
| Non-Expert Discovery Cut-Off | April 15, 2026 | November 6, 2026 |
| Expert Disclosure (Initial) | April 29, 2026 | November 20, 2026 |
| Expert Disclosure (Rebuttal) | May 13, 2026 | December 4, 2026 |
| Expert Discovery Cut-Off | June 12, 2026 | January 4, 2027 |
| Deadline to File a Motion for Class Certification | June 23, 2026 | January 15, 2027 |
| Deadline to File an Opposition to the Motion for Class Certification | July 23, 2026 | February 16, 2027 |
| Deadline to File a Reply in Support of the Motion for Class Certification | August 3, 2026 | February 26, 2027 |
| Hearing Date on Motion for Class Certification | August 31, 2026, at 10:30 AM (CDB) | March 26, 2027, at 10:30 AM (CDB) |

All other case management dates and provisions of the operative class certification scheduling order (Docs. 17, 28) not in conflict with this order remain unchanged.

It is FURTHER ORDERED that the parties shall file **within 14 days** of entry of this order a discovery management report that documents: (1) the specific discovery that has been completed (*i.e.*, propounded requests for production of documents and interrogatories, responses to such discovery requests, depositions completed and noticed); (2) the specific discovery that has not been completed; (3) meet and confer efforts between counsel and all anticipated deponents regarding their availability to appear for depositions (whether before or after the scheduled

///

///

3

mediation, and in no event after the November 6 deadline to complete non-expert discovery); (4) a preliminary schedule for the anticipated noticing of depositions for all witnesses; and (5) a certification by counsel that all anticipated depositions of parties and other witnesses will be duly served prior to the scheduled mediation (September 22, 2026).

IT IS SO ORDERED.

Dated:    **April 2, 2026**

_____
UNITED STATES MAGISTRATE JUDGE